## Manrique de Lara et al *v.* Morales.

Apelación procedente de la Corte de Distrito de

Aguadilla.

No. 21.  Resuelto en Junio 19, 1905.

DOMINIO.—VENTA DE UNA MISMA FINCA Á DIFERENTES COMPRADORES.—INSCRIPCIÓN
DE LA VENTA.—Vendida una misma finca á diferentes compradores, si fuere
inmueble, la propiedad pertenecerá al que antes la haya inscrito en el Registro.
POSEEDOR.—Todo poseedor debe ser amparado en su posesión, mientras no se presenten títulos más eficaces que invaliden aquéllos que él posea.
ID.—DAÑOS Y PERJUICIOS.—El poseedor que fuere despojado ilegalmente de su
posesión, además de serle restituída la misma, debe ser, además, indemnizado
de los daños y perjuicios que hubiere sufrido por virtud de tal despojo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Díaz (Herminio).*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

Con fecha 28 de Julio del año próximo pasado Doña Mercedes, Doña Josefa, Doña Manuela, Don Antonio y Don Salvador Manrique de Lara y Campi, representados por el Letrado Don Alfredo Arnaldo, interpusieron demanda ante la Corte de Distrito de Aguadilla contra Don Felix Morales, alegando que eran dueños proindiviso con justo título, y poseedores en quieta y pacífica posesión, de una finca rústica destinada al cultivo de cañas de azúcar, radicada en el barrio de Añasco-abajo, del término municipal de Añasco, partido judicial de Aguadilla, con ciento tres cuerdas ochenta y nueve céntimos de terrenos de bajura, colindante por el Este, con tierras de la Sucesión de Don José Arcelay, por el Norte, con terrenos de la Sucesión Urrutia y otros de la de Don Juan Bianchi y Pagán, divididos por el camino que conduce á la Playa de Añasco, por el Oeste, con terrenos de Da. Amalia Altiery de Cebollero, Don Manuel A. Vélez y Don Justo Goicovitch, y por el Sur, con el Río-Grande; que Don Félix Morales siguió

un juicio verbal en cobro de pesos ante el Juzgado Municipal de Añasco contra Don Pedro R. Gonce, en el que se dictó sentencia, condenando al demandado al pago de la cantidad reclamada, intereses y costas, y para la ejecución de dicha sentencia, se practicó embargo sobre una porción de terreno de veinte y cuatro cuerdas de extensión superficial, destinadas al cultivo de caña de azúcar, y lindantes por el Saliente, con la Sucesión Arcelay, por el Poninte, con D. José R. Vélez, por el Sur, con el Río-grande y por el Norte, con la carretera del pueblo á la playa, terrenos que formaban parte de las ciento tres cuerdas con 89 céntimos de la finca ya expresada y que en 20 de Mayo de 1904 se adjudicaron á Morales, dándosele posesión judicial de los mismos en 31 del mismo mes, no obstante tener conocimiento Morales y Gonce de que esos terrenos eran de la propiedad de los demandantes; y que por la posesión judicial dada á Morales fueron desposeídos los demandantes del goce de ellas, causándoles perjuicios ó irrogándoles daños que representaban $1575 dollars; y concluyeron con la súplica de que por sentencia fueran reintegrados en el goce y posesión pacífica de las veinte y cinco cuerdas de terreno que les había usurpado Don Félix Morales, condenando á éste al pago de los daños y perjuicios causados y al de las costas del procedimiento.

Don Félix Morales, representado por el abogado Don Juan Quintero, al contestar la demanda, estableció excepción previa por falta de personalidad de Doña Mercedes y Doña Josefa, pues siendo éstas casadas respectivamente con Don Juan Cayuela y Don Manuel Janer, no aparecían representadas por sus consortes; pero de esa excepción desistió luego la parte demandada, la que sobre el fondo de la demanda alegó que los demandantes jamás habían sido dueños de las veinte y cinco cuerdas de terreno que le fueron adjudicadas en el juicio seguido contra Don Pedro Regalado Gonce, pues éste era el verdadero dueño en virtud de la escritura traslativa de dominio que

á su favor fué otorgada en 3 de Noviembre de 1898 por Don José Ramón Pesante, quien había adquirido dichos terrenos en virtud de adjudicación que le hiciera el Juzgado de 1a. Instancia de Mayagüez en 14 de Junio de 1884, y de posesión que le fué dada en 15 de Junio de 1888, en cuyo acto fueron deslindados por el agrimensor Don Pedro Viader; que desde el año de 1888 Pesante poseyó tranquilamente esos terrenos, y al hacer negociaciones Don Justo Goicovitch con Don Antonio Manrique de Lara, Pesante los arrendó á Manrique de Lara, quitándoselos á Don Manuel Antonio Vélez que los poseía en arrendamiento; que siendo Pesante cliente del Doctor Manrique de Lara, rogó á Gonce no le molestara en el cobro de los arrendamientos, y al proceder al embargo contra Gonce se encontró éste con que Manrique de Lara había usurpado dichos terrenos inscribiéndolos á su favor en el Registro de la Propiedad; que de existir usurpación la ha habido por parte de Manrique de Lara, siendo completamente falso que el demandado tuviera conocimiento de que el terreno pertenecía á la parte demandante, pues á todos los vecinos del pueblo de Añasco constaba lo contrario; por todo lo cual negaba en absoluto los hechos alegados por la parte actora, y suplicaba se dictara sentencia desestimando la demanda, con las costas á Don Antonio Manrique de Lara ó sea la Sucesión demandante.

De las pruebas practicadas en el juicio aparecen comprobados los siguientes hechos: 1o. Que por auto de 14 de Junio de 1884 el antiguo Juzgado de 1a. Instancia de Mayagüez, á petición de Don Ramón Arístides Pesante, despachó mandamiento de ejecución contra los bienes de Don Juan A. Monge para cobro de pesos, y en cumplimiento de ese auto se embargó en 16 del propio Junio una porción de terreno que formaba parte de la hacienda "Concepción", y que fué designada como de la propiedad de Monge, siendo su cabida de treinta cuerdas; y sacadas las referidas treinta cuerdas á pública subasta, por falta

de postores fué adjudicada á Pesante una parte de ellas, ascendente á 24 cuerdas y 67 céntimos, habiendo sido puesto en posesión de las mismas en 15 de Junio de 1888, sin que pudiera Pesante inscribir á su nombre esa adjudicación por observarse el defecto de aparecer inscrita la hacienda "Concepción," de la que se dice es parte la finca adjudicada, á favor de persona distinta de la ejecutada, según nota del Registrador de la Propiedad de Mayagüez de 12 de Febrero de 1904.

2o.   Que por escritura pública de 3 de Noviembre de 1898 Don José Ramón Arístides Pesante vendió á Don Pedro Regalado Gonce el terreno que le fué adjudicado en el juicio ejecutivo seguido contra Don Juan Angel Monge, compuesto de 25 cuerdas, según se expresa en dicho documento, en el cual se ratificaba la venta ya hecha por documento privado de 20 de Noviembre de 1894, sin que tampoco dicho documento público fuese inscrito en el Registro de la Propiedad, por observarse el defecto de aparecer inscrita la hacienda "Concepción", de la que se decía parte la finca vendida, á favor de persona distinta del enagenante, según nota del Registrador de la Propiedad de Mayagüez de 12 de Febrero de 1904, que es la misma fecha de la denegatoria de la inscripción de adjudicación á favor de Pesante.

3o.   Que ante el Juzgado Municipal de Añasco demandó Don Félix Morales en juicio verbal á Don Pedro R. Gonce en cobro de dollars con fecha 4 de Marzo de 1904, y en ese juicio recayó sentencia condenatoria contra el demandado, habiéndose embargado á éste las veinticinco cuerdas de terreno adquiridas de Pesante, las que por auto de 20 de Mayo del mismo año fueron adjudicadas á Morales en pago de la deuda reclamada, poniéndosele en posesión de ellas el 31 del propio mes, sin que aparezca que se solicitara la inscripción de semejante adjudicación en el Registro de la Propiedad de Mayagüez, pues sólo

consta del récord que fué denegada la anotación del embargo en 8 de Abril de 1904, por el defecto de no estar inscrita la finca á favor del deudor ni de ninguna otra persona.

4o. Que al ser puesto Morales en posesión de los terrenos de que se trata había siembras de cañas que debían producir 50 dollars anuales por cuerda, según declaran varios testigos.

5o. Que con fecha 3 de Abril de 1894 fué inscrita en el Registro de la Propiedad de Mayagüez á favor de Don Justo Goicovitch y Cebollero la posesión de la hacienda de cañas dulces denominada "Concepción," con una cabida de 131 cuerdas, en virtud de expediente posesorio instruído en el Juzgado Municipal de Añasco y aprobado en 7 de Octubre de 1893.

6o. Que con fecha 16 de Febrero de 1900 fué inscrita en el propio Registro de la Propiedad de Mayagüez á favor de Don Antonio Manrique de Lara la misma hacienda "Concepción", aunque no con su total cabida de 131 cuerdas, sino con la de 103 cuerdas 99 céntimos, cuyos terrenos poseían anteriormente proindiviso con parte de mayor extensión Don Justo Goicovith y Don Antonio Manrique de Lara, el primero, en la proporción de una tercera y en la de dos terceras partes el segundo, y por los conceptos que expresan inscripciones no testimoniadas en el récord, habiendo adquirido Manrique de Lara la porción de Goicovith por escritura pública de 11 de Junio de 1894, que es la que motiva la inscripción expresada de 16 de Febrero de 1900.

7o. Que con fecha 10 de Abril de 1900 solicitó Don Antonio Manrique de Lara del Juzgado Municipal de Añasco la conversión en dominio de la posesión de la finca "Concepción" que tenía inscrita á su favor en el Registro de la Propiedad, y seguido el expediente por todos sus trámites fué ordenada la conversión por auto de 5 de Mayo

siguiente, tomándose la debida nota de esa Resolución en el Registro de la Propiedad de Mayagüez el día 10 del propio Mayo.

La Corte de Distrito de Aguadilla dictó sentencia en 16 de Enero último, que copiada á la letra dice así:

"Número 27.—Mercedes, Josefa, Manuela, Antonio, Salvador Manrique de Lara, demandantes, vs. Félix Morales, demandado.—Sentencia.—Reivindicación de finca usurpada é indemnización de daños y perjuicios.

En la Corte de Distrito del Distrito Judicial de Aguadilla., P. R., á diez y siete de Enero de 1905. El día 10 de Enero de 1905, fué llamado este caso para juicio compareciendo los demandantes por su abogado Sr. Arnaldo, y el demandado por su abogado Sr. Quintero; y el Tribunal después de oir los alegatos y pruebas de las partes é informes de los letrados, señaló una de las próximas sesiones para dictar sentencia; y por tanto, en el día de hoy, la Corte declara: Que es de opinión que la ley y los hechos están á favor de los demandantes en el asunto de la reivindicación de finca usurpada é indemnización de daños y perjuicios que reclaman dichos demandantes, y por cuanto debe ordenar y ordena: que los demandantes, tengan y recobren de los demandados la posesión de una finca ocupada por dicho demandado, cuya finca tiene 25 cuerdas de extensión superficial, radicada en el barrio de Añasco-abajo del término municipal de Añasco, Distrito Judicial de esta Ciudad y que colinda al Norte, con la carretera que conduce de Añasco á su playa; al Saliente, terrenos de la Sucesión Arcelay y por el Sur, con el río Grande de Añasco; y que el demandado reintegre á los demandantes la cantidad de mil doscientos cincuenta pesos por vía de indemnización. Y también se ordena que Félix Morales pague las costas de este pleito y que se le expida auto de ejecución contra los bienes de dicho señor para la satisfacción de esta sentencia."

Contra esa sentencia interpuso la representación de Don Félix Morales recurso de apelación que hoy pende de decisión ante esta Corte Suprema, después de haber sido oídas las alegaciones de ambas partes por escrito y oralmente.

Consta en el juicio que Don Antonio Manrique de La-

ra, después su sucesión, poseía las veinte y cinco cuerdas de terreno que son materia de controversia en el presente juicio, cuando se practicó el embargo de las mismas en el juicio verbal seguido por Don Félix Morales contra Don Pedro R. Gonce, y no aparece justificado que tal posesión fuera en concepto de arrendamiento, según ha alegado y ha pretendido demostrar la parte demandada.

Tanto la Sucesión Manrique de Lara, como Don Félix Morales, han aducido pruebas para justificar el dominio de los terrenos en litigio, sobre cuya identidad no hay controversia alguna, pues ambas partes reclaman como suyos los mismos terrenos.

Empero, los documentos que sirven de apoyo al demandado no han sido inscritos en el Registro de la Propiedad correspondiente, mientras que la Sucesión Manrique de Lara ha aducido prueba cumplida de la inscripción á favor de su causante de la posesión de los terrenos de que se trata, inscripción de posesión que se convirtió en inscripción de dominio, mediante los trámites legales prevenidos por la ley, y sin que se haya justificado defecto alguno que vicie de nulidad semejantes inscripciones.

Bien puede aplicarse al caso el artículo 1473 del Código Civil antiguo, que es el 1376 del reformado, preceptivo de que cuando una misma cosa se hubiese vendido á diferentes compradores, si fuere inmueble la propiedad, pertenecerá al que antes la haya inscrito en el Registro, lo que sucede en el presente caso respecto de la Sucesión Manrique de Lara, la cual por otra parte también se hallaba en posesión de los terrenos cuando fueron embargados á instancia de Morales y debe por tanto ser amparada en esa posesión, mientras no se presenten por Morales títulos más poderosos que invaliden los de la sucesión demandante.

Si esa sucesión era dueña de los terrenos cuando éstos fueron embargados á instancia de Morales, y fué desposeída mediante el embargo, beneficiándose con ello Mora-

les, justo y legal es que según se dispone en la sentencia apelada la sucesión demandante además de reivindicar la finca á que se refiere la demanda, sea reintegrada de los daños y perjuicios sufridos que el Tribunal sentenciador ha apreciado debidamente en la suma de 1250 dollars, teniendo en cuenta para ello los datos aportados al juicio.

Por las razones expuestas procede se confirme en todas sus partes la sentencia apelada, con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, MacLeary y Wolf.